UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **DIANNE BEAR KING LUCAS**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**SYNCHRONY BANK,**<br><br>Defendant. | Civil Case No.:<br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1. Defendant, Synchrony Bank ("Defendant" or "Synchrony"), has repeatedly called Ms. Lucas's cellular telephone about a Synchrony account that does not belong to her.

2. Synchrony has placed over 150 calls to Ms. Lucas's cellular telephone using an artificial or prerecorded voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227,*et seq.* ("TCPA").

3. Ms. Lucas is not, and has never been, a Synchrony customer and did not provide her express consent (or any consent whatsoever), to receive calls from Synchrony regarding an account that she does not own.

4. On numerous occasions, Ms. Lucas informed Synchrony that it was calling the wrong number and asked Synchrony to stop calling her.

5. Synchrony stated that it marked her number as "do-not-call" and promised Ms. Lucas that the calls would stop.

6. Synchrony, nevertheless, continues to make calls to Ms. Lucas's cellular telephone without her consent.

7. Accordingly, Ms. Lucas brings this TCPA action on behalf of herself and a class of

1

similarly situated individuals under 47 U.S.C. § 227(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has jurisdiction over Synchrony because Synchrony conducts business transactions in this District, knowingly makes calls into this District (by calling telephone numbers with Indiana area codes) and has committed tortious acts in this District.

10. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

11. Plaintiff Dianne Bear King Lucas ("Ms. Lucas") is, and at all times mentioned herein was, a citizen and resident of Lafayette, Indiana.

12. Ms. Lucas is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant Synchrony Bank ("Synchrony") is, and at all times mentioned herein was, a National Banking Association chartered as a Federal Savings Bank with headquarters at 170 Election Road, Draper, Utah 84020.

14. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

15. Ms. Lucas's telephone number, (xxx) xxx-0619, is assigned to a cellular telephone service.

16. Since at least as early as May, 2021, Synchrony has repeatedly called Ms. Lucas's cellular telephone number and played a prerecorded message relating to a Synchrony account.

17. Synchrony is a subsidiary of Synchrony Financial, a consumer financial services company. Through Synchrony Bank, Synchrony Financial offers, directly to retail and commercial customers, a range of deposit products insured by the Federal Deposit Insurance Corporation ("FDIC"). At December 31, 2020, Synchrony Bank had $62.8 billion in deposits.

18. Ms. Lucas knew that the calls from Synchrony used an artificial or prerecorded voice due to the tone and cadence of the voice and because Ms. Lucas is familiar with traditional human discourse and was unable to interact with the caller.

19. These calls are made from the number 1-855-844-0114.

20. Other consumer report receiving similar calls from Synchrony. *See* https://800notes.com/Phone.aspx/1-855-844-0114 (last accessed October 6, 2021).

21. Ms. Lucas does not have a Synchrony account.

22. Ms. Lucas has never been a Synchrony customer.

23. Ms. Lucas did not consent to receive calls from Synchrony and never consented to receive calls intended for other Synchrony customers.

24. During numerous calls, Ms. Lucas followed the prompts to be connected to a live agent and informed the agent that Synchrony was calling the wrong number and requested that the calls stop.

25. Despite her informing Synchrony of the erroneous nature of its calls and requesting that the calls stop, Synchrony continued to place prerecorded calls to Ms. Lucas, multiple times a day and even on Sundays.

26. On numerous occasions, Synchrony representatives advised Ms. Lucas that her

number was being marked as "do-not-call", or words to that effect, and that she should not receive any further calls.

27. Despite these assurances, Ms. Lucas continues to receive calls from Synchrony.

28. Ms. Lucas has also called Synchrony's customer service number and requested that the calls stop.

29. The content of Synchrony's messages demonstrates that Synchrony's calls were not made of an emergency purpose.

30. Synchrony has been sued multiple times for calling behavior similar to the behavior described in this complaint.

31. Synchrony is aware of the TCPA's prohibitions against the use of artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party having been previously sued based on allegations of violating the TCPA.

32. Synchrony therefore knowingly and willfully caused calls utilizing an artificial or prerecorded voice to be made to the cellular telephones of Ms. Lucas and other consumers without their prior express consent.

33. In addition, each call Synchrony made to Ms. Lucas's cellular telephone after she informed Synchrony that it was calling the wrong number was made knowingly and willfully.

34. Ms. Lucas has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy; and
- Nuisance.

35. These forms of actual injury are sufficient for Article III standing purposes. *See*

*Trans Union, LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (citing *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020) (unwanted text messages satisfy concrete harm requirement of Article III of the U.S. Constitution)).

36. Accordingly, each of Synchrony's calls to Ms. Lucas using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

37. For violations of 47 U.S.C. § 227(b), Ms. Lucas is entitled to a minimum of $500 per call.

38. Ms. Lucas is entitled to $1500 per call if Synchrony's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action under Fed. R. Civ. P. 23 as a representative of the following Class:

> **All persons called by or on behalf of Synchrony on their cellular telephone numbers with an artificial or prerecorded voice after informing Synchrony or its vendor that the call was to a wrong number from four years prior to the date of filing of the complaint to trial.**

40. Excluded from the Class is Synchrony and any entities in which Synchrony has a controlling interest; Synchrony's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

41. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

42. The exact number and identities of the persons who fit within the Class are ascertainable in that Synchrony and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Synchrony placed its calls;

   b. The telephone numbers to which Synchrony placed its calls;

   c. The telephone numbers for which Synchrony had prior express consent;

   d. The telephone numbers for which Synchrony was informed were incorrect;

   e. The purposes of such calls; and

   f. The names and addresses of Class members.

43. The Class is comprised of hundreds, if not thousands, of individuals.

44. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

   a. Whether Synchrony (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

   b. Whether Synchrony (or someone acting on its behalf) obtains prior express consent;

   c. Whether Synchrony ignored consumers' indications that they were not the consumers Synchrony intended to call;

   d. Whether Ms. Lucas and the Class were damaged thereby, and the extent of damages for such violations; and

   e. Whether Synchrony should be enjoined from engaging in such conduct in the future.

45. Ms. Lucas is a member of the Class in that Synchrony placed a prerecorded call to her cellular telephone without her prior express consent and after Ms. Lucas notified Synchrony that it was calling the wrong number.

46. Ms. Lucas's claims are typical of the claims of the Members of the Class in that they arise from Synchrony's uniform conduct and are based on the same legal theories as these claims.

47. Ms. Lucas and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

48. Ms. Lucas has no interests antagonistic to, or in conflict with, the Class.

49. Ms. Lucas will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

50. Synchrony has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

51. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

53. Common questions will predominate, and there will be no unusual manageability issues.

## CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)

54. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

55. Synchrony used an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

56. Synchrony has therefore violated 47 U.S.C. § 227(b).

57. As a result of Synchrony's unlawful conduct, Plaintiff and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiff and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

59. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Class and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the

8

wrongful and unlawful acts described herein;

     D.    An award of statutory damages;

     E.    An award of treble damages; and

     F.    Such other and further relief that the Court deems reasonable and just

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** October 18, 2021      s/ *Anthony Paronich*
Athony I Paronich, Esquire
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

Max S. Morgan, Esquire*
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Application for full admission forthcoming