**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DIANNE BEAR KING LUCAS, *on behalf of herself and others similarly situated*,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SYNCHRONY BANK,<br><br>　　　　　　　　Defendant. | Civil Case No.: 4:21-cv-00070-PPS-JEM<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1.　Dianne Bear King Lucas ("Plaintiff") brings this class action against Synchrony Bank ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.　Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3.　More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

4.　This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6.　For example, Defendant directed artificial or prerecorded voice messages to

1

Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Lafayette, Indiana.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a National Banking Association, chartered as a Federal Savings Bank, and headquartered in Draper, Utah.

10. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

11. Plaintiff is, and has been for the relevant time period, the subscriber to her cellular telephone number—(XXX) XXX-0619.

12. In or around June 2021, Defendant began placing calls to telephone number (XXX) XXX-0619, intending to reach someone other than, and unknown to, Plaintiff.

13. Defendant used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-0619.

14. For example, on at least one occasion Defendant placed a call to telephone number (XXX) XXX-0619, and delivered the following artificial or prerecorded voice message:

> Please return our call to (855) 844-0114. Our office hours are Monday through Friday from 8:00 am to 8:00 pm Eastern Time, and Saturday from 8:00 am to 4:30 pm ET. Our mailing address is P.O. Box 965064, Orlando, Florida 32896. Again, please call (855) 844-0114. This is a recording. Thank you.

CLICK HERE to listen to the voice message.

15. When dialed, telephone number (855) 844-0114 plays a greeting that begins: "Thank you for calling Synchrony Bank."

16. The Better Business Bureau associates P.O. Box 965064, Orlando, Florida 32896 with Defendant. *See* https://www.bbb.org/us/fl/orlando/profile/credit-cards-and-plans/synchrony-bank-0011-90347501 (last visited April 12, 2022).

17. On a number of occasions Plaintiff answered calls from Defendant and listened to an artificial or prerecorded voice message that Defendant delivered.

18. On a number of occasions Plaintiff placed a call to Defendant, informed Defendant that it had reached a wrong number in placing calls to telephone number (XXX) XXX-0619, explained to Defendant that its calls to telephone number (XXX) XXX-0619 were intended for someone other than her, and instructed Defendant to stop placing calls to telephone number (XXX) XXX-0619.

19. Defendant, however, continued to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-0619.

20. Defendant placed more than 100 calls to telephone number (XXX) XXX-0619 after June 2021.

21. Defendant delivered, or attempted to deliver, more than 40 artificial or prerecorded voice messages to telephone number (XXX) XXX-0619 after June 2021.

22. Defendant placed the subject calls to telephone number (XXX) XXX-0619 in an effort to reach a third party not related to Plaintiff in any personal or professional manner.

23. Plaintiff does not know the person Defendant intended to reach by placing the subject calls to telephone number (XXX) XXX-0619.

24. Plaintiff does not have, nor did she have, an account or credit card with Defendant.

25. Plaintiff is not, nor was, a customer of Defendant.

26. Plaintiff does not, nor did, owe a debt to Defendant.

27. Plaintiff did not provide telephone number (XXX) XXX-0619 to Defendant.

28. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-0619.

29. Defendant placed the subject calls to telephone number (XXX) XXX-0619 for non-emergency purposes.

30. Defendant placed the subject calls to telephone number telephone number (XXX) XXX-0619 voluntarily.

31. Defendant placed the subject calls to telephone number (XXX) XXX-0619 under its own free will.

32. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number telephone number (XXX) XXX-0619.

33. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice message, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

34. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

35. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class and subclass:

*Class*: All persons throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Synchrony Bank customer, accountholder, or authorized user, (3) in connection with which Synchrony Bank used an artificial or prerecorded voice, (4) from March 20, 2021 through the date of class certification, or where the first such call was placed on or after October 20, 2020 and through the date of class certification.

*Subclass*: All persons throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Synchrony Bank customer, accountholder, or authorized user, (3) in connection with which Synchrony Bank used an artificial or prerecorded voice, (4) after the called party informed Synchrony Bank that the telephone number it called was a wrong or reassigned telephone number, or instructed Synchrony Bank to stop placing calls to the telephone number, (5) from March 20, 2021 through the date of class certification, or where the first such call was placed on or after October 20, 2020 and through the date of class certification.

36.   Excluded from the class and subclass are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37.   Upon information and belief, the members of the class and subclass are so numerous that joinder of all of them is impracticable.

38.   The exact number of the members of the class and subclass are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

39.   The members of the class and subclass are ascertainable because they are defined by reference to objective criteria.

40.   In addition, the members of the class and subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

41.   Plaintiff's claims are typical of the claims of the members of the class and subclass.

42.   As it did for all members of the class and subclass, Defendant placed calls to

Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

43. Plaintiff's claims, and the claims of the members of the class and subclass, originate from the same conduct, practice, and procedure on the part of Defendant.

44. Plaintiff's claims are based on the same theories as the claims of the members of the class and subclass.

45. Plaintiff suffered the same injuries as the members of the class and subclass.

46. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass.

47. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class and subclass.

48. Plaintiff will vigorously pursue the claims of the members of the class and subclass.

49. Plaintiff has retained counsel experienced and competent in class action litigation.

50. Plaintiff's counsel will vigorously pursue this matter.

51. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class and subclass.

52. In fact, Plaintiff's counsel previously served as court-appointed class counsel in a different TCPA matter involving Synchrony Bank. *See Neal v. Wal-Mart Stores, Inc. and Synchrony Bank*, No. 3:17-cv-00022 (W.D.N.C.).

53. The questions of law and fact common to the members of the class and subclass predominate over questions that may affect individual members of the class and subclass.

54. Issues of law and fact common to all members of the class and subclass are:

    a. Defendant's violations of the TCPA;

      b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

      c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

      d. Defendant's use of an artificial or prerecorded voice,

      e. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the class and subclass would, as a practical matter, be dispositive of the interests of other members of the class and subclass, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the class and subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class and subclass.

60. The damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class and subclass to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the class and subclass, in one forum will achieve efficiency and promote judicial economy.

62. There will be little difficulty in the management of this action as a class action.

63. Defendant has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class and subclass, without consent.

66. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class and subclass under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class and subclass under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone

numbers of members of the class and subclass, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: April 20, 2022

/s/ *Anthony Paronich*
Anthony I. Paronich, Esquire
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

Max S. Morgan, Esquire
THE WEITZ FIRM, LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Aaron D. Radbil (*pro hac vice* application to be filed)

9

GREENWALD DAVIDSON RADBIL PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Tel: (512) 803-1578
aradbil@gdrlawfirm.com

Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 550
Boca Raton, Florida 33431
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the proposed classes*