UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DIANNE BEAR KING LUCAS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK,<br><br>Defendant. | CAUSE NO. 4:21-cv-00070-PPS-JEM<br><br>Judge Philip P. Simon<br>Magistrate Judge John E Martin |

**PLAINTIFF'S UNOPPOSED MOTION TO CERTIFY CLASS AND FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff, Dianne Bear King Lucas ("Ms. Lucas"), moves this Court to preliminarily approve the settlement she reached with Defendant, Synchrony Bank ("Synchrony"), on behalf of herself and the following settlement class:

> All persons and entities throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Synchrony Bank or one of its agents or vendors used an artificial or prerecorded voice, (4) from October 16, 2020 through the date of the preliminary approval order, (5) where the subject of the call was a Synchrony Bank account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony Bank the telephone number to which it placed, or caused to be placed, the call.

The settlement requires Synchrony to create a non-reversionary cash settlement fund of $2,600,000. Each participating member of the class will be entitled to his or her *pro rata* share of the settlement fund, less the costs of notice and claims administration, and any attorneys' fees, litigation costs, expenses, and service award that this Court approves.

Ms. Lucas and her counsel—whose qualifications include substantial experience with Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") class actions—believe the settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e), and in

1

the best interests of the members of the class. Ms. Lucas's counsel also believe the benefits of the settlement—which was reached with the assistance of a highly experienced mediator—far outweigh the delay and considerable risk of proceeding to trial. In addition, and as set forth in the accompanying memorandum of law, the settlement class meets all of the certification requirements of Federal Rule of Civil Procedure 23.

Ms. Lucas, therefore, asks this Court to certify the class for settlement purposes; preliminarily approve the settlement as fair, adequate and reasonable, and within the reasonable range of possible final approval; appoint Ms. Lucas's counsel as counsel for the class for settlement purposes; and, grant the additional, specific requests Ms. Lucas includes in her accompanying memorandum.

Synchrony does not oppose the relief Ms. Lucas seeks.

Dated: September 30, 2022   */s/ Max S. Morgan*
Max S. Morgan
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
max.morgan@theweitzfirm.com

Aaron Radbil (admitted *pro hac vice*)
Michael Greenwald
**GREENWALD DAVIDSON RADBIL PLLC**
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (512) 803-1578
aradbil@gdrlawfirm.com
mgreenwald@gdrlawfirm.com

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff Dianne Bear King Lucas and the putative class*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on the date set forth below via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.


Dated: September 30, 2022

                                          */s/ Max S. Morgan*
                                          Max S. Morgan
                                          **THE WEITZ FIRM, LLC**