UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DIANNE BEAR KING LUCAS, on behalf of herself and others similarly situated, | ) CAUSE NO. 4:21-cv-00070-PPS-JEM )  ) |
| Plaintiff, | ) ) Judge Philip P. Simon |
| vs. | ) Magistrate Judge John E. Martin ) |
| SYNCHRONY BANK, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Dianne Bear King Lucas ("Plaintiff"), with the consent of Defendant Synchrony Bank ("Synchrony") and with no opposition from Settlement Class Members, respectfully moves this Court under Rule 23(e) for final approval of the parties' class action settlement. In support of her motion, Plaintiff states:

1. After over a year of contested litigation—which included motion practice and written discovery—the parties reached an agreement, with the assistance of a seasoned mediator, to resolve this Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, class action on behalf of a nationwide settlement class.[1]

2. To that end, Synchrony will create a non-reversionary, $2.6 million settlement fund for the benefit of the following Settlement Class: "All persons and entities throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a

---

[1] The settlement agreement and its exhibits were previously filed with the Court. ECF No. 40-2.

cellular telephone service, (3) in connection with which Synchrony Bank or one of its agents or vendors used an artificial or prerecorded voice, (4) from October 16, 2020 through November 18, 2022, (5) where the subject of the call was a Synchrony Bank account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony Bank the telephone number to which it placed, or caused to be placed, the call." The settlement will provide approximately $313.83 to each of the 4,638 participating Settlement Class Members.

3. On November 18, 2022, this Court preliminarily approved the settlement. ECF No. 47.

4. The settlement, which provides substantial monetary relief to thousands of participating Settlement Class Members, is fair, reasonable, adequate, and in the best interest of Settlement Class Members. Indeed, after a robust notice program, not a single Settlement Class Member or attorney general objected to any part of the settlement and only one person was excluded from it.

5. Accordingly, Plaintiff and her counsel respectfully request that this Court enter the accompanying agreed order granting final approval.

6. Plaintiff also submits and incorporates by reference her memorandum of law in support of her unopposed motion for final approval of class action settlement.

Dated: April 10, 2023              */s/Michael L. Greenwald*
                                               Michael L. Greenwald
                                               Aaron D. Radbil (admitted *pro hac vice*)
                                               **GREENWALD DAVIDSON RADBIL PLLC**
                                               5550 Glades Road, Suite 500
                                               Boca Raton, FL 33431
                                               Tel: (561) 826-5477
                                               mgreenwald@gdrlawfirm.com
                                               aradbil@gdrlawfirm.com

                                               Max S. Morgan
                                               **THE WEITZ FIRM, LLC**

1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
max.morgan@theweitzfirm.com

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

Class Counsel