UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DIANNE BEAR KING LUCAS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) CAUSE NO. 4:21CV70-PPS/JEM<br>)<br>)<br>)<br>) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter is before the Court on the Plaintiff's Motion for An Award of Attorneys' Fees, Costs, Litigation Expenses, and a Service Award [DE 48] and Unopposed Motion for Final Approval of Class Action Settlement [DE 52]. The Court held a Final Approval Hearing on April 25, 2023, after notice of the Final Approval Hearing was given in accordance with this Court's Order Conditionally Certifying Class and Preliminarily Approving Settlement ("Preliminary Approval Order") [DE 47]. The Court has carefully considered all matters submitted to it at the Final Approval Hearing and otherwise and will grant the motions.

The Court hereby finds, concludes, and orders as follows:

1. The Settlement Agreement and Release, including its exhibits, fully executed on September 30, 2022 ("Agreement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order [DE 47] are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3. The "Settlement Class" means: "All persons and entities throughout the United

1

States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Synchrony Bank or one of its agents or vendors used an artificial or prerecorded voice, (4) from October 16, 2020 through November 18, 2022, (5) where the subject of the call was a Synchrony Bank account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony Bank the telephone number to which it placed, or caused to be placed, the call." Excluded from the Settlement Class are all judges assigned to the Action and their clerks and staff.

4. The Court has received no objections to the settlement.

5. The Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, on the one hand, and Synchrony and Synchrony's Counsel, on the other hand.

6. Class Notice was disseminated to members of the Settlement Class either through counsel or through the Settlement Administrator in accordance with the terms set forth in the Agreement and this Court's Preliminary Approval Order [DE 47].

7. The Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances.   The Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8. This notice provided by Synchrony pursuant to 28 U.S.C. § 1715 fully satisfied

the requirements of that statute.

      9.     The Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. The Plaintiff, in her role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

      10.    The Court approves Class Counsel's application for attorneys' fees of $826,888.00 (representing 31.8% of the $2,600,000.00 Settlement Fund), which the Court finds to be fair and reasonable under the particular circumstances in this case. Additionally, Class Counsel is hereby awarded $10,332.75 in costs of litigation. The award of attorneys' fees and litigation costs are to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

      11.    The Court finds the payment of a service award in the amount of $10,000 to the Settlement Class Representative is fair and reasonable. Accordingly, the Settlement Class Representative is hereby awarded $10,000, such amount to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

      12.    The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

13. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein.  The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representative is typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Synchrony.

14. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, this Action.

15. The Claims Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

16. Plaintiff and each and every one of the non-excluded Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement.  In addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members to the  protections afforded under Section 1542 of the California Civil Code (and any other similar, comparable, or equivalent laws) are hereby terminated.

17. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or

indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.   This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, Settlement Class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

18. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Synchrony, or of the truth of any of the claims asserted by Plaintiff.

19. In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Synchrony as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall, upon an appropriate motion by Synchrony, be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any

way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

21. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims or Plaintiff and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

22. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

23. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

24. The Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement and the Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

**SO ORDERED.**

Dated this 25th day of April, 2023.

   /s/ Philip P. Simon
Hon. Philip P. Simon
United States District Court